United States District Court
Southern District of Texas

**ENTERED**

July 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FLORIBERTO RUBIO, *Individually and on Behalf of the Estate of Jaime Rubio, Deceased*, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-26-3358 |
| DAIMLER TRUCK NORTH AMERICA LLC; WESTERN STAR TRUCK SALES INC.; ALLEYTON RESOURCE COMPANY, LLC; *and* ROGER BUSTAMANTE, | § § § § § § § | |
| Defendants, | § § | |
| v. | § § | |
| ARCELIA RUBIO, *Individually, as Wrongful Death Beneficiary, and on Behalf of the Estate of Jaime Rubio, and Next Friend of M.R. and J.R., minor children; and* ELVIRA RUBIO, *Individually, as Wrongful Death Beneficiary, and on Behalf of the Estate of Jaime Rubio,* | § § § § § § § § § § | |
| Plaintiffs-Intervenors. | § | |

**MEMORANDUM OPINION AND ORDER**

Floriberto Rubio ("Plaintiff") brought this action against Daimler Truck North America LLC ("DTNA"), Western Star Truck Sales Inc. ("Western"), Alleyton Resource Company, LLC ("Alleyton"), and Roger Bustamante ("Bustamante") in the 133rd Judicial District

Court of Harris County, Texas.[1]  Arcelia Rubio and Elvira Rubio (collectively referred to as "Intervenors") joined the suit as intervenor plaintiffs.[2]  Defendants removed the action to federal court.[3]  Pending before the court is Plaintiff's and Plaintiffs-Intervenors' Joint Motion to Remand to State Court ("Motion to Remand") (Docket Entry No. 12).  For the reasons explained below, the Motion to Remand will be denied.

## I.  **Background**

Plaintiff and Intervenors (collectively referred to as "Claimants") allege that on May 4, 2024, Jaime Rubio was utilizing the rear controls of a cement mixer truck to transfer concrete from the cement mixer truck to the pump truck while positioned between the two vehicles.[4]  While Rubio was doing so, the air brakes of the cement mixer truck disengaged, causing it to roll.[5]  The cement

---

[1]Plaintiff's First Amended Petition ("Plaintiff's Amended Petition"), Exhibit K to Defendants Daimler Truck North America LLC and Western Star Trucks Sales, Inc.'s Notice of Removal ("Notice of Removal"), Docket Entry No. 1-12, p. 1.  For purpose of identification all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]First Amended Petition in Intervention ("Intervenors' Amended Petition"), Exhibit J to Notice of Removal, Docket Entry No. 1-11, p. 1.

[3]Notice of Removal, Docket Entry No. 1.

[4]Amended Petition, Exhibit K to Notice of Removal, Docket Entry No. 1-12, pp. 4-5 ¶¶ 16, 18.

[5]Id. at 5 ¶ 18.

mixer truck struck Rubio, crushing him and causing fatal injuries.[6] At all times relevant to this action, Rubio was employed by Alleyton.[7]

On August 5, 2025, Plaintiff brought suit in the 133rd Judicial District of Harris County, Texas, against Alleyton and Bustamante.[8] Intervenors joined as plaintiff intervenors on August 15, 2025.[9] Alleyton and Bustamante filed an answer to Plaintiff and Intervenors' original petitions on September 9, 2025.[10]

Intervenors filed an amended petition on March 23, 2026.[11] On March 27, 2026, Plaintiff filed an amended petition adding DTNA and Western as defendants. Plaintiff's Amended Petition alleged strict product liability, manufacturing defect, marketing defect, negligence, and gross negligence claims against DTNA, Western, and Alleyton.[12] It also alleged claims of direct personal negligence

---

[6]Id.

[7]Id. at 4 ¶ 16.

[8]Plaintiff's Original Petition, Exhibit B to Notice of Removal, Docket Entry No. 1-3, p. 1; Notice of Removal, Docket Entry No. 1, p. 4 n.1.

[9]Original Petition in Intervention, Exhibit C to Notice of Removal, Docket Entry No. 1-4, pp. 1-2.

[10]Defendants' Original Answer to Plaintiff's Original Petition and Intervenors' Petition in Intervention, Exhibit H to Notice of Removal, Docket Entry No. 1-9.

[11]Intervenors' Amended Petition, Exhibit J to Notice of Removal, Docket Entry No. 1-11, p. 1.

[12]Plaintiff's Amended Petition, Exhibit K to Notice of Removal, Docket Entry No. 1-12, pp. 1, 6-13. Plaintiff also named Daimler Truck Holding AG as a defendant, but it has not yet been served with process.

and gross negligence against Bustamante, who was responsible for the oversight and enforcement of vehicle safety protocols at Alleyton.[13]  DTNA and Western (hereafter collectively referred to as "Defendants") responded to Intervenors' Amended Petition on April 17, 2026, and to Plaintiff's Amended Petition on March 24, 2026.[14]  On April 24, 2026, Defendants removed the action to this court, arguing that there is diversity jurisdiction because Bustamante was improperly joined as a defendant.[15]

On May 26, 2026, Claimants filed a Motion to Remand, arguing that the court does not have diversity jurisdiction because Bustamante is properly joined as a defendant.[16]  Defendants filed a response on June 16, 2026.[17]  Claimants did not file a reply.

## II.  **Legal Standard**

Under 28 U.S.C. § 1441(a) a defendant may remove a state court civil action to federal district court if federal court has

---

[13]Id. at 7–10.

[14]Daimler Truck North America LLC and Western Star Trucks Sales, Inc.'s Special Exceptions and Original Answer to First Amended Petition in Intervention, Exhibit N to Notice of Removal, Docket Entry No. 1-15; Daimler Truck North America LLC and Western Star Truck Sales, Inc.'s Special Exceptions and Original Answer to Plaintiff's First Amended Petition, Exhibit O to Notice of Removal, Docket Entry No. 1-16.

[15]Notice of Removal, Docket Entry No. 1, pp. 6-7.  Alleyton consented to removal.  Defendant Alleyton Resource Company, LLC's Consent to Notice of Removal, Exhibit Q to Notice of Removal, Docket Entry No. 1-18, p. 2.

[16]Motion to Remand, Docket Entry No. 12, pp. 2-3.

[17]Defendants Daimler Truck North America LLC and Western Star Trucks Sales, Inc.'s Response to Plaintiff's and Plaintiffs-Intervenors' Joint Motion to Remand ("Defendants' Response"), Docket Entry No. 14.

original jurisdiction.  See Gasch v. Hartford Accident & Indemnity Co., 491 F.3d 278, 281 (5th Cir. 2007).  District courts "have original [diversity] jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States[.]"  28 U.S.C. § 1332(a)(1). Although there is complete diversity among Plaintiff and Intervenors, and DTNA, Western, and Alleyton, Bustamante's presence precludes diversity jurisdiction if he was properly joined.[18]

"A removing party attempting to prove improper joinder carries a heavy burden."  Perio v. Titan Maritime, LLC, Civil Action No. H-13-1754, 2013 WL 5563711, at *5 (S.D. Tex. Oct. 8, 2013). Improper joinder "may be established by showing (1) actual fraud in the pleadings or (2) the 'inability of the plaintiff to establish a cause of action against the nondiverse party in state court.'" Cumpian v. Alcoa World Alumina, L.L.C., 910 F.3d 216, 219 (5th Cir. 2018).  "The second approach focuses on whether plaintiff has asserted a valid state-law cause of action against the nondiverse defendant."  Beran v. World Telemetry, Inc., 747 F.Supp.2d 719, 726 (S.D. Tex. 2010).  "[T]he test . . . is whether . . . there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  "In determining whether there is a reasonable

---

[18]Claimants are Texas citizens, DTNA is a citizen of Germany, Western is a citizen of Washington and Oregon, Alleyton is a citizen of Delaware and Georgia, and Bustamante is a citizen of Texas.  Notice of Removal, Docket Entry No. 1, pp. 6-7.

basis for the plaintiff to recover against a defendant under state law, a court conducts 'a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.'" Beran, 747 F.Supp.2d at 726 (quoting Smallwood, 385 F.3d at 573). "[I]f the plaintiff can survive a Rule 12(b)(6) challenge, there [generally] is no improper joinder." Smallwood, 385 F.3d at 573.

If "a plaintiff has . . . misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." Id. When the court pierces the pleadings "the defendant must put forward evidence that would negate a possibility of liability on the part of [the nondiverse defendant]." Travis v. Irby, 326 F.3d 644, 650 (5th Cir. 2003).

### III. __Analysis__

Defendants argue that Bustamante is improperly joined because Claimants cannot establish a negligence or gross negligence cause of action against him.[19]

### A. Claimants' negligence claim is barred under Texas law.

Defendants argue that Claimants' negligence claim against Bustamante is barred by § 408.001 of the Texas Labor Code.[20] Claimants do not address this argument.

---

[19]Notice of Removal, Docket Entry No. 1, pp. 8–17.

[20]Id. at 17–18.

-6-

Section 408.001(a) of the Texas Labor Code states that:

Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.

TEX. LAB. CODE § 408.001(a). In other words, § 408.001 "provide[s] the exclusive remedy for on-the-job injuries, prohibiting the employee [or families of employees] from seeking common-law remedies from his employer, its agents, and co-employees." Aguirre v. Vasquez, 225 S.W.3d 744, 753 (Tex. App.–Houston [14th Dist.] 2007, no pet.). "The only exception to the exclusive remedy provision is when an employee's death 'was caused by an intentional act or omission of the employer or by the employer's gross negligence.'" Port Elevator-Brownsville v. Casados, 358 S.W.3d 238, 241 (Tex. 2012) (quoting TEX. LAB. CODE § 408.001(b)). "The Texas Supreme Court has held that an employer is entitled to assert the . . . exclusive remedy provision upon a showing that it subscribed to workers' compensation insurance, that the plaintiff was an employee, and that the plaintiff suffered a work-related injury." Perio, 2013 WL 5563711, at *6.

In Alleyton's and Bustamante's answer to Claimants' original petitions, they assert that "[a]t the time of the accident made the basis of this lawsuit [Rubio] and [Bustamante] were employees of [Alleyton] . . . [and that Alleyton] maintained workers'

-7-

compensation coverage."[21]   Claimants therefore have no reasonable possibility of recovery on their negligence claim against Bustamante.   Flagg v. Stryker Corp., 819 F.3d 132, 139 n.32 (5th Cir. 2016) (citing Boone v. Citigroup, Inc., 416 F.3d 382, 391 (5th Cir. 2005), and Bell v. Texaco, Inc., 493 F. App'x 587, 592 (5th Cir. 2012)) (stating that the Fifth Circuit has "consistently found improper joinder where a non-jurisdictional affirmative defense (such as statute of limitations) conclusively bars the plaintiff's claims against the non-diverse defendant.").

**B.    Claimants fail to state a claim for gross negligence.**

Defendants argue that Claimants have failed to plead facts that establish that Bustamante owed Rubio an independent duty of reasonable care apart from Alleyton's duty.[22]   Claimants argue that their pleadings establish that Bustamante "owed independent, non-delegable duties to ensure the safe operation, maintenance, and procedural oversight of the company's commercial fleet and its field operations" because their pleadings allege that Bustamante failed to act on his knowledge that the brakes were faulty and that rear-mounted controls were dangerous.[23]

---

[21]Defendants' Original Answer to Plaintiff's Original Petition and Intervenors' Petition in Intervention, Exhibit H to Notice to Removal, Docket Entry No. 1-9, p. 2.  Claimants do not dispute that they have no claim against Alleyton and Bustamante for negligence. Motion to Remand, Docket Entry No. 12, pp. 5-6 (stating that "Texas law at least permits the gross-negligence theory pleaded against Bustamante").

[22]Defendants' Response, Docket Entry No. 14, pp. 5-13.

[23]Plaintiff's Amended Petition, Exhibit K to Notice of Removal, Docket Entry No. 1-12, pp. 7-8 ¶¶ 28, 31; Motion to Remand, Docket Entry No. 12, pp. 7-8.

"As with negligence actions, . . . a defendant may be liable for gross negligence only to the extent that it owed the plaintiff a legal duty." City of Waco v. Kirwan, 298 S.W.3d 618, 623 (Tex. 2009). Under Texas law, an employee acting within the scope of their employment is only individually liable when the plaintiff can establish that the employee "owes an independent duty of reasonable care to the injured party apart from the employer's duty." Leitch v. Hornsby, 935 S.W.2d 114, 117 (Tex. 1996). "Courts have held that if an 'employee played a personal and active role in creating the dangerous condition at issue, then an independent duty of care existed, recovery was possible, and remand was appropriate.'" Rivas v. 2ML Real Estate Interests, Inc., CIVIL ACTION NO. H-23-3058, 2023 WL 7545224, at *2 (S.D. Tex. Nov. 13, 2023) (quoting Champion v. Wal-Mart Stores of Texas, LLC, No. 5:16-CV-112, 2016 WL 1226942, at *3 (W.D. Tex. Mar. 24, 2016)). However, "'where the employee was merely indirectly involved, or the plaintiff did not allege active involvement, courts have held plaintiffs could not recover from the employee.'" Bowens v. Sweeping Corp. of America, LLC, No. 3:24-cv-178-BN, 2024 WL 3278969, at *12 (N.D. Tex. July 2, 2024).

1.   Duty Based on Personal Knowledge

Claimants first argue that Bustamante owed Rubio an independent duty because he failed to act on his knowledge that the brakes were faulty and that rear-mounted controls were dangerous.[24]

---

[24]Plaintiff's Amended Petition, Exhibit K to Notice of Removal, Docket Entry No. 1-12, pp. 7-8 ¶¶ 28-29, 31; Motion to Remand, Docket Entry No. 12, pp. 7-8.

When an employee knows of "specific deficiencies in existing . . . equipment and then refuse[s] to take steps to remedy the problem," the employee may owe an independent duty of reasonable care. Wallace v. Industrial Tank Cleaning Services, LLC, CIVIL ACTION NO. 3:22-cv-00297, 2023 WL 2568917, at *3 (S.D. Tex. Mar. 13, 2023), memorandum and recommendation adopted, 2023 WL 3262060 (S.D. Tex. May 4, 2023) (holding that the plaintiff had successfully pled that the co-employee owed him a duty of reasonable care apart from the duty owed by the employer because "[i]nstead of claiming that the [co-employee] violated a general duty to provide [the plaintiff] with a safe workplace, [the plaintiff] aver[red] that the [co-employee] knew of specific deficiencies in existing safety equipment and then refused to take steps to remedy the problem"); see also Bowens, 2024 WL 3278969, at *12-*13 (granting the plaintiff's motion to remand because his pleadings, which alleged that the employee "had ample and sufficient knowledge of the risks associated with [the plaintiff's] operation of the vehicle," sufficiently alleged the duty element of his negligence claim against the employee); Lopez-Monroy v. Wal-Mart Stores Texas, LLC, Civil Action No. 3:19-CV-00051, 2019 WL 3302615, at *5 (S.D. Tex. July 23, 2019), memorandum and recommendation adopted, 2019 WL 3753702 (Aug. 8, 2019) ("[It] certainly appears plausible that [the plaintiff] could recover against [the employee] under Texas law if, in fact, [the employee] created a dangerous condition and then did nothing to remedy the situation.").

-10-

In cases alleging that a defendant-employee played a personal and active role in creating the dangerous condition at issue by failing to act on personal knowledge, courts have required the plaintiff's pleadings to allege specific facts that support the allegations that the defendant-employee had such knowledge. See, e.g., Wallace, 2023 WL 2568917, at *1 (pleading that the employee received "repeated complaints regarding the condition of the equipment provided to Plaintiff"); Bowens, 2024 WL 3278969, at *12 (pleading that the employee "had ample and sufficient knowledge of the risks associated with [the victim's] operation of the vehicle . . . [because he] was advised by [other] employees that [the victim] should not have been operating the street sweeping vehicle") (internal quotation marks omitted).[25]  Although Claimants assert that Bustamante (1) was "personally aware of brake issues or safety complaints related to cement mixer trucks, including the one involved in this incident," (2) "had actual knowledge of the hazard posed by rear-mounted controls between a cement mixer and a pump truck," and (3) failed to take corrective action,[26] Claimants do not

---

[25]See also Sanchez v. Shintech Louisiana, LLC, Civil Action No. 12-370-BAJ-SCR, 2013 WL 1296684, at *5 (M.D. La. Feb. 19, 2013) (finding that "[a]lthough the plaintiff alleged that [the defendant] had personal knowledge of the harmful condition, the state court petition is devoid of any facts to support the allegations that he had such knowledge") (applying Louisiana law, which imposes an independent duty on a supervisor when he has knowledge of the dangers present).

[26]Plaintiff's Amended Petition, Exhibit K to Notice to Removal, Docket Entry No. 1-12, p. 8 ¶¶ 29, 31(B)(C).

allege any specific facts to support the allegation that Bustamante had knowledge of the faulty brakes or the dangers of rear-mounted controls.[27]   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Rule 8.).

Claimants' pleadings therefore fail to allege that Bustamante owed Plaintiff an independent duty based on his failure to act on his personal knowledge.

### 2.   Duty to Provide a Safe Work Place

Claimants also argue that Bustamante had an independent duty to provide Plaintiff with a safe workplace.[28]   However, without more, simply alleging that Bustamante "owed independent, non-delegable duties to ensure the safe operation, maintenance, and procedural oversight of the company's commercial fleet and its

---

[27]Plaintiff's amended complaint supports the court's conclusion that Plaintiff's pleadings do not allege facts to support the allegation that Bustamante had knowledge of the faulty brakes. Although Claimants' petitions assert personal knowledge as a fact, the amended complaint alleges that Bustamante "knew or should have known of brake issues" and that he "fail[ed] to respond to known or suspected brake . . . complaints." Plaintiff Floriberto Rubio's First Amended Complaint, Docket Entry No. 11, pp. 9-10 ¶¶ 39, 40(E) (emphasis added). The court can consider the amended complaint "to the extent [it] 'clarif[ies] or amplif[ies] the claims actually alleged' in the removed pleading." Palmquist v. Hain Celestial Group, Inc., 103 F.4th 294, 303 (5th Cir. 2024) (quoting Griggs v. State Farm Lloyds, 181 F.3d 694, 700 (5th Cir. 1999)).

[28]Plaintiff's Amended Petition, Exhibit K to Notice of Removal, Docket Entry No. 1-12, pp. 7-8 ¶ 28; Motion to Remand, Docket Entry No. 12, pp. 7-8.

field operations"[29] is not sufficient to support the duty element of Claimants' gross negligence claim.  <u>Leitch</u>, 935 S.W.2d at 118 (holding that the "duty to provide a safe workplace [is] a nondelegable duty imposed on, and belonging solely to, [the employer]").

Because Claimants have failed to plead facts to support the allegation that Bustamante owed Plaintiff an independent duty of reasonable care apart from Alleyton's duty, Claimants have failed to state a claim under state law.  <u>Kirwan</u>, 298 S.W.3d at 623 ("[A] defendant may be liable for gross negligence only to the extent that it owed the plaintiff a legal duty.").

## IV.  <u>Conclusion and Order</u>

Because Claimants' negligence claim is barred by Texas law and because they have failed to state a claim for gross negligence under Texas law, the court concludes that Defendants have carried their heavy burden to show that there is no reasonable basis for the district court to predict that Claimants might be able to recover against Bustamante.[30]  Bustamante is therefore improperly

---

[29]<u>Id.</u>

[30]Defendants also argue that Claimants have not pled facts to support the objective and subjective elements and the causation element of their gross negligence claim.  Defendants' Response, Docket Entry No. 14, pp. 13–20.  The court need not address these claims because the court has concluded that Claimants have failed to plead facts to support the duty element.  The court does not need to address Defendants' request to pierce the pleadings because the court has concluded that Plaintiff has failed to state a claim under state law.

joined as a defendant to this action.  Because there is complete diversity among Claimants, DTNA, Western, and Alleyton and because the amount in controversy exceeds \$75,000, the court has diversity jurisdiction over this action.[31]

Accordingly, Plaintiff's and Plaintiffs-Intervenors' Joint Motion to Remand to State Court (Docket Entry No. 12) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 15th day of July, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[31]Notice of Removal, Docket Entry No. 1, pp. 6-7; Plaintiff's Amended Petition, Exhibit K to Notice of Removal, Docket Entry No. 1-12, p. 2 ¶ 1 ("Plaintiffs seek monetary relief over \$1,000,000.00.").

-14-